**Dawn HOCKIN, Plaintiff–Appellant,**

v.

The **KMART CORPORATION LONG TERM DISABILITY INCOME PLAN, and Continental Casualty Company, Defendants–Appellees.**

No. 03–1263.

United States Court of Appeals, Sixth Circuit.

July 27, 2004.

Alan B. Posner, Kelman, Loria, Downing, Schneider & Simpson, Detroit, MI, for Plaintiff–Appellant.

Philip F. Brown, Michael E. Heffernan, Brenner, Brown, Golian & McCaffrey, Columbus, OH, for Defendants–Appellees.

Before KRUPANSKY, RYAN, and COLE, Circuit Judges.

RYAN, Circuit Judge.

This case arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461 (1999). The plaintiff, Dawn Hockin, appeals from the district court's order granting summary judgment in favor of the defendants on her claim for long-term disability (LTD) benefits under her former employer's Long Term Disability Income Plan. She argues that the district court erroneously concluded that the defendants' decision to deny LTD benefits was not arbitrary and capricious. For the following reasons, we affirm the judgment of the district court.

## I.

As the parties and their counsel are thoroughly familiar with the case, it is unnecessary to recount the facts in great detail in this unpublished opinion. Instead, a brief overview will suffice. Hockin was a participant in the Kmart Corporation Long Term Disability Income Plan, which provides disability insurance benefits to Kmart employees though a policy issued by Continental Casualty Company. Continental is also the administrator of that Plan.

Coverage under the Plan is available in two tiers. Initially, a participant may collect disability benefits for up to 24 months if he or she is disabled from his or her regular occupation. After that, a participant is entitled to disability benefits only if he or she is "continuously unable to engage in any occupation for which *You* are or become qualified by education, training or experience." The Plan provides: "When making a benefit determination under the policy, *We* have discretionary authority to determine *Your* eligibility for benefits and to interpret the terms and provisions of the policy."

After Hockin was diagnosed with multiple sclerosis, she filed a claim for disability benefits under the Plan. She received benefits under the first tier of the Plan until 2001, when her benefits were terminated "because, according to Continental, she no longer met the definition of disabled under the Plan." Hockin filed suit in the Eastern District of Michigan, raising a claim under 29 U.S.C. § 1132(a)(1)(B) "as a participant to recover benefits due her under the terms of the plan, to enforce her rights under the terms of the plan, and to clarify her right to future benefits under the terms of the plan." Both Hockin and the defendants filed dispositive motions, which the district court treated as cross-motions for summary judgment. It granted judgment in favor of the defendants and Hockin now appeals.

## II.

We review *de novo* a denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *see also McDonald v. Western–Southern Life Ins. Co.*, 347 F.3d 161, 168 (6th Cir. 2003). "When a plan administrator has discretionary authority to determine benefits, we will review a decision to deny benefits under 'the highly deferential arbitrary and capricious standard of review.'" *McDonald*, 347 F.3d at 168 (citation omitted). Under this standard, if the administrator's decision was rational in light of the

plan's provisions, the decision will be upheld. *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 456–57 (6th Cir.2003). "Stated differently, when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *McDonald*, 347 F.3d at 169 (internal quotation marks and citation omitted).

We have stated "that the conflict of interest inherent in self-funded plans does not alter the standard of review, but [it] 'should be taken into account as a factor in determining whether the . . . decision was arbitrary and capricious.'" *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir.1998) (citation omitted). Nevertheless, where a "review of the record reveals no significant evidence that [the Plan] based its determination on the costs associated with [the claimant's] treatment or otherwise acted in bad faith, we cannot conclude that [the Plan] was motivated by self-interest." *Id.*

### III.

■ Under the terms of the Kmart Plan, Continental serves as Plan administrator and has discretionary authority to interpret the Plan and the insurance policy to determine eligibility for benefits. Accordingly, our review is limited to "'the highly deferential arbitrary and capricious standard of review.'" *McDonald*, 347 F.3d at 168 (citation omitted).

■ We have carefully reviewed the record, the parties' briefs, and the conflict of interest inherent in a Plan such as the one at issue here, and we are satisfied that Continental's denial of benefits was not arbitrary and capricious. Continental offered a reasoned explanation for its denial, and its decision is rational in light of the Plan's provisions and the evidence. Furthermore, Hockin has produced no evidence that the inherent conflict of interest in any way influenced the decision or that the defendants otherwise acted in bad faith. Our standard of review is highly deferential, and we cannot conclude, in light of the medical evidence and opinions in the record, that Continental acted in an arbitrary and capricious manner in denying LTD benefits.

Accordingly, the judgment of the district court is AFFIRMED.